## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY F. DEMATTIA, an individual, <br> 5 Heston Road <br> Shirley, NY 11967 <br> *Plaintiff*, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br> SERVE: United States Attorney's Office <br> 950 Pennsylvania Avenue, NW <br> Washington, DC 20530 <br><br> *Defendant*. | CASE NO: 21-379 <br><br> **PLAINTIFF ANTHONY F. DEMATTIA'S COMPLAINT** |

## COMPLAINT

COMES NOW, Plaintiff, ANTHONY F. DEMATTIA, by and through his attorney of record, asserting claims against Defendant, the United States of America, and states and alleges as follows:

### I.

### JURISDICTION AND VENUE

**1.** Plaintiff, ANTHONY F. DEMATTIA (hereinafter "Plaintiff"), is a citizen of the United States and a resident of El Paso, Texas, and served in the United States Army at all times pertinent hereto.

**2.** The Defendant is the United States of America, acting by and through the Department of the Army, an agency of the United States Government.

**3.** This is an action for judicial review of an administrative denial of disability benefits, specifically that the United States Army failed to provide Plaintiff benefits under the terms of the Servicemembers Group Life Insurance Traumatic Injury Protection Program

1

(hereinafter "TSGLI").

4. Plaintiff brings this action against Defendant, the United States of America, based upon a failure of the Department of Army to pay benefits owed to Plaintiff under the TSGLI program.

5. This Court has jurisdiction over the parties under 38 USC 1975 as well as under the terms of the TSGLI program, which allows any servicemember or veteran applicant that receives an adverse TSGLI decision to obtain judicial review in any United States District Court of competent jurisdiction.

6. Although not a requirement to seek relief in this Court, Plaintiff has exhausted all administrative appeals available prior to commencing this lawsuit.

7. Venue is proper in this District on the basis that the United States Department of the Army is one of three military departments within the Department of Defense of the United States of America, an executive branch department of the federal government of the United States, under the control of the President of the United States of America as part of the executive branch of the federal government, which is seated in the District of Columbia.

## II.

## FACTUAL ALLEGATIONS

8. The Servicemembers' Group Life Insurance Traumatic Injury Protection Program, also known as TSGLI, is a rider policy to the Servicemembers' Group Life Insurance Policy "SGLI" policy that provides lump-sum payments for servicemembers injured as the result of a traumatic event.

9. TSGLI coverage was added to SGLI policies effective December 1, 2005. After December 1, 2005, all service members covered by SGLI are eligible for TSGLI coverage,

regardless of where their qualifying traumatic injury occurred. In addition, a retroactive program covers service members who sustained a qualifying traumatic injury while supporting Operation Enduring Freedom (OEF), Operation Iraqi Freedom (OIF), or while on orders in a Combat Zone Tax Exclusion (CTZE) area from October 7, 2001, through November 30, 2005.

10. Then, effective October 1, 2011, the Veterans' Benefit Improvement Act of 2010 removed the requirement that injuries during the retroactive period be incurred in Operations Enduring or Iraqi Freedom. Since this time, claims have increased, premiums paid into the policy have remained the same, and systematic denials have not coincidentally increased.

11. For servicemembers who pay into the SGLI that suffer a qualifying loss due to a traumatic injury event, Defendant will pay between $25,000 and $100,000, depending on the severity of the qualifying loss.

12. The benefit is paid to the member, someone acting on the member's behalf if the member is incompetent, or the member's SGLI beneficiary if the member is deceased, however, the policyholder of the SGLI and TSGLI policies is the government, which limits the ability for bad faith action by participating service members, which further leads to a more systematic system that has an eye for denial.

13. All members covered under SGLI who experienced a traumatic event that directly results in a traumatic injury causing a scheduled loss defined under the program are eligible for TSGLI payment.

14. Losses must meet at least one TSGLI loss standard in order to be eligible or a benefit payment. There are nine categories of losses covered, which are as follows:

a) Sensory losses

b) Burns

c) Paralysis

d) Amputation

e) Limb Salvage

f) Facial Reconstruction

g) Activities of Daily Living (ADL.)

h) Inpatient Hospitalization

i) Coma/T.B.I. combined with another injury

15. Under (g) above, to qualify for benefits, a servicemember must suffer ADL losses in two of six categories – eating, bathing, dressing, toileting, continence, and transferring. Further, the assistance required must be at least one of the following three categories: physical, standby, or verbal assistance.

16. If a servicemember or military veteran submits an application for benefits, a medical professional must sign a Part B form to certify the medical information being provided. In so doing, a medical professional certifies that the applicant meets the TSGLI criteria stated above. In Plaintiff's case, an Independent Nurse Reviewer, Terri Burns, RN, BSN reviewed his case and also certified his claim.

17. At all times pertinent hereto, Plaintiff was eligible for TSGLI benefits through his status as a servicemember of the Army who paid into the Servicemembers' Group Life Insurance.

18. Also, Plaintiff has suffered traumatic injuries that entitled him to TSGLI benefits under 38 CFR § 9.20 due to a traumatic brain injury that occurred on May 22, 2011, when Plaintiff was assaulted outside of a bar in El Paso, TX by a group of people. After the assault, Plaintiff was transported home by a friend. Because of the assault, Plaintiff suffered from head trauma resulting in brain damage, among many other traumatic injuries. Plaintiff sought

emergency treatment at WBAMC, EL Paso, TX. A CT head showed bilateral frontal lobe contusions and a small subdural bleed. Plaintiff was admitted to ICU for observation. On May 23, 2011, he was discharged home to the care of his wife, Vanessa. Plaintiff was put on orders to stay housebound and given six (6) weeks convalescent leave. On June 10, 2011, Plaintiff was again seen by neurologist, Dr. Sean Sebesta, MD. Dr. Sebesta noted that Plaintiff complained of severe headaches, dizziness, imbalance, vision changes, lack of smell and taste, and memory loss. Dr. Sebesta also noted that Plaintiff had clear and nasal drainage. Concerned that Plaintiff may have a CSF leak, a brain MRI was scheduled for June 13, 2011. Meanwhile, Plaintiff was ordered not to bend over or tilt his head to prevent increased drainage and/or severe headaches. Although the MRI did not show cause for a CSF leak, Dr. Sebesta ordered Plaintiff to maintain precautions for a possible CSF leak because of the continued clear and nasal drainage until his symptoms began to improve. For the entire ADL period claimed herein, Plaintiff experienced symptoms of severe constant headaches, impaired balance, inability to stand without assistance, and dizziness, putting him at high risk for falls. For the first month after the injury, Plaintiff required constant supervision with verbal cues and physical and/or stand by assistance to perform ADLs of bathing, dressing, toileting independently, and transferring. The initial claim was certified by FM, MD, Dr. Sean Sebesta. However, errors were later reviewed and corrected by an Independent Nurse Reviewer, Terri Burns, RN, B.S.N., who stated that Plaintiff required standby/physical assistance for 30 days. To date, Plaintiff has not been compensated for either 15 days ($25,000.00) or 30 days ($50,000.00) of ADL losses due to traumatic brain injury (TBI).

19. On or about June 14, 2012, Plaintiff submitted his claim for TSGLI benefits. However, on November 8, 2012, the Prudential Office of Service Member's Group Life Insurance denied his claim stating that the applicant did not properly claim any losses.

20. After that on, February 14, 2013, Plaintiff submitted a request for reconsideration of his claim for TSGLI benefits due to his TBI causing ADL losses. However, his reconsideration was denied through a decision letter dated April 18, 2013.

21. On May 23, 2013, Plaintiff submitted an appeal to the US Army Human Resource Command (HRC) in opposition to denying his claim of TSGLI benefits. However, again, on July 24, 2013, the HRC denied Plaintiff's claim for TSGLI benefits stating that the medical documents submitted did not indicate that Plaintiff met the TSGLI Standard for loss of ADLs due to TBI.

22. Thereafter, on October 5, 2016, Plaintiff, through his counsel Peter S. Cameron, submitted a claim for TSGLI benefits due to the Plaintiff's injuries from head trauma resulting in brain damage (TBI) and other traumatic injuries from the physical attack on May 21, 2012, which caused a loss of ADLs and required assistance for getting in and out of the shower, dressing, getting to and from the toilet, getting in and out of a vehicle, and transferring up and downstairs for a period of 30 days. Along with the application, Plaintiff submitted his statement and his wife's statement. His wife served as his ADL provider. A statement of registered nurse Terri Burns also was submitted with the application. Nurse Burns found that Plaintiff could not independently perform the ADLs of bathing, dressing, toileting, and transferring for at least 30 consecutive days, but less than 60 days to his TBI injury. However, on October 11, 2016, the US Army Human Recourses Command sent a letter to Plaintiff stating that Plaintiff had exhausted his appeal rights to the HRC and to submit his appeal to the Department of the Army Review Boards Agency ("ARBA").

23. Thereafter, on November 30, 2016, Plaintiff submitted a request for reconsideration of his denial claim of TSGLI benefits for traumatic brain injury (TBI), leading to a loss of ability to independently perform at least two activities of ADLs to the US Army Human

Resources Command with new and relevant evidence. However, by a letter dated December 7, 2016, HRC again stated that he had exhausted his appeal rights and directed Plaintiff to submit any other appeals to the Department of the Army Review Boards Agency, per the TSGLI Procedures Guide.

24. Last, on December 16, 2016, Plaintiff appealed to the ARBA. However, in a decision letter dated October 26, 2020, the ARBA denied Plaintiff's claim for 60 days of ADL losses due to TBI. In doing so, it was stated that: "the Board concluded there was insufficient evidence of an error or injustice which would show the applicant was unable to independently accomplish two or more of his ADL for 15 or more days after the assault with resultant TBI. Therefore, the Board recommended denying the applicant's requested relief." Again, the ARBA letter did not correctly address the evidence presented under the proper legal standard and ignored the most pertinent evidence.

25. The ARBA decision letter did not notify Plaintiff of his right to seek relief in federal court.

26. The ARBA decision letter did not state the legal standard of review applied to Plaintiff's claim.

27. The ARBA decision letter either did not address any specific facts of the case or evidence or did so in an inadequate fashion.

28. Defendant has standardized its claim denial practices in a manner that is arbitrary, capricious, unsupported by its own guidelines, and contrary to law. Defendant ignored statements and other evidence that demonstrate Plaintiff's entitlement to ADL losses due to TBI for up to 30 days. Defendant's denial of Plaintiff's claim is unsupported by substantial evidence.

29. Defendant claims to have denied Plaintiff's claim for TSGLI benefits because,

among other reasons, Plaintiff's medical documents do not indicate that the injury rendered Plaintiff incapable of performing ADLs under the TSGLI guidelines. This, however, is in direct opposition to the opinion of a certifying medical professional who reviewed the same medical records and the statements of Plaintiff and Plaintiff's caregiver. Defendant does not give any reasons why the certifying medical professionals' certification are not credible, nor does it supply any evidence of having based its decision on the opinion of any other medical expert whatsoever.

30. Further, Defendant has hidden internal memorandum regarding Plaintiff's claim and the reasons for denial, and also improperly narrowed the TSGLI Procedures Guide, which is codified by law under 38 CFR 9.20 and 38 USC § 5107(b), which is the standard applicable in this case of "substantial evidence," meaning: when there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant; and as such, is not acting under the law, and furthering the improper denial of claims.

31. Defendant failed to approve Plaintiff's claims for benefits even though Plaintiff meets the contractual and legal criteria.

32. Defendant violated its own guidelines for denying claims by failing to provide loss codes and otherwise adequately advise Plaintiff for the reason of the denial.

33. Plaintiff has thereby suffered an unwarranted denial of benefits due to him under the TSGLI program.

### III.

### CLAIMS FOR RELIEF

34. All allegations contained in the previous paragraphs are incorporated herein by reference.

**35.** Plaintiff herewith requests judicial review and remand to the agency for Defendant's denial of Plaintiff's claim for TSGLI benefits, based, inter alia, upon Defendant's:

a. failure to pay benefits due and owing under the TSGLI program, as outlined elsewhere herein;

b. failure to apply the proper legal standard in adjudication of claims;

c. failure to advise Plaintiff of his legal rights to challenge the decision of Defendant;

d. failure to provide memorandums that list a detailed decision of the case;

e. failure to identify reasons for the denial of benefits under the applicable guidelines, including omission of loss codes and/or any other adequate basis for its decision; and

f. addition of illegal and unauthorized criteria used in the adjudication of TSGLI claims.

## IV.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. a remand with direction to review to act with the direction of this court and, if appropriate, award TSGLI program benefits, which are formulaic in nature;

b. an award of interest, costs and attorney's fees as provided by statute;

c. an award of attorney's fees as provided by statute and code, including The Equal Access to Justice Act, 5 USC § 504; 28 USC §2412; and

d. such other relief as the Court deems just and proper.

Respectfully submitted,

Dated: February 11, 2021        */S/ Joshua S. Berman*
JOSHUA S. BERMAN, ESQ #84720
DROSS BERMAN, LLC
11140 Rockville Pike #500
Rockville, MD 20852
(240)403-7200 (tel)
(240)667-1673 (fax)
josh@drossberman.com
Attorney for Plaintiff, ANTHONY F. DEMATTIA